(No. 4147

WILLIAM F. GIBBS, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed September 23, 1949.*

WILLIAM F. GIBBS, Claimant, pro se.

IVAN A. ELLIOTT, Attorney General; C. ARTHUR NEBEL, Assistant Attorney General, for Respondent.

SCHUMAN, C. J.

The facts show that on June 25th, 1948, William Gibbs was driving his 1948 Buick Automobile west on U. S. Route 36, a short distance from the Village of Curran in Sangamon County, Illinois; that it was around 5:30 in the afternoon and daylight; that claimant was driving 35 miles per hour.

The sworn complaint alleges that two cars had stopped at the barricade and that a torrential rain was falling rendering visibility very poor.

The departmental report showed that barricades were placed east of the excavation in question; that east of the barricade pavement alignment was straight a distance of 1172 feet and then follows a 6° degree curve to the left for a distance of 440.3 feet.

The undisputed evidence shows that a torrential rain was falling, and visibility was poor; that two cars had stopped at the barricade to wait for oncoming traffic and that claimant struck the last stopped car; that claimant came upon the Cadillac immediately after rounding the curve.

Claimant testified the Cadillac stopped suddenly. However, the record shows a straight highway for a distance of 1172 feet.

In order for claimant to recover he must prove three distinct elements, namely:

(1) that claimant was in the exercise of due care and caution for the safety of his automobile;

(2) that the State of Illinois was negligent as charged in the complaint; and that the negligence of the State of Illinois was the proximate cause of the injury and damages to the automobile of claimant;

(3) that claimant sustained damages.

The claimant alleges there were no warning signs east of the barricade, or if signs were in place, they were so located as to be valueless.

The only evidence in the record as to signs is that barricades were placed east of first excavation. It is apparent that under normal circumstances this would have been sufficient. Claimant was driving in a torrential rain with visibility poor and it is apparent the lack of signs was not the proximate cause of the accident. Two cars had stopped at the barricade. There was 1172 feet of clear road after rounding curve, and it is apparent due to poor visibility claimant did not see the stopped Cadillac due to said visibility.

The claimant having failed to prove any negligence on the part of the State of Illinois that was the proximate cause of the accident his claim will be denied.